UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CAROL LARSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendants. | Case No.  1:22-cv-00288-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 12). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

Plaintiff presents a single issue: "The ALJ did not state clear and convincing reasons for rejecting Larson's symptom and limitation testimony that she could not stand for more than 15 minutes at a time." (ECF No. 12, p. 11).

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

//

1

**I.     ANALYSIS**

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to reject her subjective complaints and failed to include limitations from those complaints in the RFC. (ECF No. 12, p. 10, 20). Specifically, Plaintiff argues that the ALJ erred in discounting her testimony that Plaintiff "[cannot] stand for more than 15 minutes at a time." (*Id.* at 11).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Additionally, an ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ found objective medical evidence of an underlying impairment. (*See* A.R. 20). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

The ALJ summarized Plaintiff's complaints and daily activities as follows:

> In connection with her disability application, the claimant alleged back pain made her unable to sit or stand for more than an hour. She alleged difficult walking, bending over and lifting. (Exhibit 8E/1). She had unexpected and frequent lightheadedness to the point she could not see, her vision was blurred, and her balance was compromised. She had neuropathy because of diabetes in both feet and could not feel a recent burn on the right foot due to not being able to feel. (Id.) She alleged she was unable to get much done, but she was able to food shop with family or do light chores, and she prepared meals daily. (Exhibits 8E/2-3). The claimant alleged she was unable to lift more than 10 pounds. (Exhibit 8E/6). She

> alleged her PTSD and anxiety limited her concentration, memory, and ability to complete tasks. (Id.) She alleged she could pay attention for 15 to 20 minutes, but spoken instructions needed to be repeated. (Id.) In addition, she alleged she had a fear of large crowds and people. (Exhibit 8E/7). The claimant testified she cannot work due to concentration issue and neuropathy in the feet. (Hearing Testimony). She denied using a cane or a walking, and stated she drives "sometimes." (Id.) She testified she has low blood pressure two three times a week where she gets very dizzy and cannot drive. She is able to prepare meals and watch television, but she cannot concentrate on what she watches. She testified the mental medication does not work well, and she gets nauseous and dizzy. (Id.) She testified she can stand 15 minutes and then must lie down 15 to 20 minutes, which she does five times a day. (Id.) The claimant also testified she has a history of methamphetamine abuse, and at the time of the hearing she had been clean for 90 days (Id.)

(A.R. 20). The ALJ then stated that:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(*Id.*) The ALJ then briefly summarized Plaintiff's medical history, including Plaintiff's treatment for back pain:

> Although the claimant has diabetes, in January 2019, she reported she had not had her insulin for "months." (e.g., Exhibits 1F/5, 2F/83, 85). On February 7, 2019, the claimant was seeking treatment for edema in the lower extremities bilaterally. She was not following her diabetes closely, eating badly, and not watching her diet. (Exhibits 1F/5, 2F/67). On February 28, 2019, the claimant received a referred to podiatry, resulting in a diagnosis of diabetic neuropathy. (Exhibit 1F/11). In April 2019, the claimant noted good compliance with treatment but complained of peripheral edema. She had a normal examination. (Exhibit 2F/154). In September 2019, and subsequently, a monofilament test was slightly decreased. (e.g., Exhibits 2F/129, 158, 10F/7). On September 30, 2019, the claimant was compliant with treatment but continued to complain of peripheral edema. (Exhibit 2F/156). The claimant has been consistently positive for mild pedal edema. (e.g., Exhibits 10F/6, 9).
>
> She has also complained of dizziness, with associated blurred vision, nausea, and falls. (e.g., Exhibit 2F/17, 122, 125). However, in August 2020, the claimant reported she had resumed driving because dizziness had improved and happened infrequently, describing it as "so occasional and minor." She noted her dizziness was getting better since her blood sugar had decreased and she had gotten glasses. (Exhibit 7F/118). On examination, the claimant had 1+ pedal edema and protective sensation loss with monofilament test in the bilateral feet, but a normal gait. (Exhibit 7F/119).
>
> The claimant has also complained of back pain, with bilateral radicular leg pain.

3

> (e.g., Exhibits 2F/131, 153). The claimant was consistently noted to have a slowed and stooped gait. (e.g., Exhibit 2F/154). In April 2019, x-rays of the claimant's lumbar spine evidenced severe degenerative disc disease at L3-4 with mild right convex curvature. (Exhibit 2F/39). X-rays of the SI joints showed mild degenerative changes of the bilateral sacroiliac joints. (Exhibit 2F/40). In June 2019, there was decreased range of motion in the back with pain on range of motion. The examination was limited because of pain, but the neurological examination was intact. (Exhibit 2F/154). In July 2019, an MRI of the claimant's lumbar spine evidenced chronic L3-4 disc degeneration with a diffuse posterior disc extrusion resulting in mild canal stenosis, and minimal inferior migration of disc material towards the right L4 lateral recess with posterior displacement traversing the right L4 root. There was also chronic anterior L3-4 disc extrusion with superior migration and elevation of the anterior longitudinal ligament. (Exhibit 2F/31). On examination in July 2019, the claimant had tenderness on palpation of the lumbar region and difficulty going on extension. (Exhibit 2F/135). Conservative measures with physical therapy were recommended. (Exhibit 2F/135).
>
> In October 2019, the claimant had undergone physical therapy, muscle relaxant, anti-inflammatory, and pain medications, without progress. Examination was positive for radicular pathology and paraspinal spasms. The claimant was advised to get lumbar transforaminal epidural injections and to continue pain medication. (Exhibit 6F/44). The claimant had a lumbar transforaminal epidural injection on November 6, 2019. (Exhibit 6F/39). At the one-month follow up, the claimant reported that the injection had provided 70% relief of pain, and the claimant was engaged in daily walks and exercise routines as tolerated, but the pain was slowly returning. Repeat injections were recommended. (Exhibit 6F/37). On January 3, 2020, the claimant wanted to discuss injections after a burn injury on her right foot healed. (Exhibit 6F/31). The claimant reported that the back pain was tolerable since the last injection. (Exhibit 6F/33). On January 31, 2020, the claimant reported she sought emergency room treatment for pain. (Exhibit 6F/29). She had another lumbar transforaminal injection on February 19, 2020, with no relief and on follow up she had increased paraspinal spasm and tenderness. (Exhibits 6F/25, 23). The treatment notes stated that an MRI showed L3-4 significant disc bulge with superior migration. (Exhibit 6F/24). However, the claimant has repeatedly reported "doing well on current regimen" thereafter, including on April 1 and 29, 2020, and in November 2020. (Exhibits 6F/19, 15, 9F/3). The undersigned notes the claimant has had consistently negative straight leg raising and full strength. (Exhibit 6F/43).

(A.R. 20-22). The ALJ went on to consider the medical opinions, prior administrative medical findings, and witness declarations. (A.R. 22-23). The ALJ thus assessed Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), including lifting and/or carrying 20lbs occasionally and 10 pounds frequently, standing and/or walking six hours in an

>   eight hour day, sitting six hours in an eight hour day, with the following additional limitations: the claimant is precluded from use of foot controls or climbing ladders, ropes or scaffolds, she can stoop frequently and climb ramps and stairs occasionally. She must avoid concentrated exposure to hazards, such as machinery and unprotected heights. Finally, the claimant can do 1-2 step routine tasks and non-collaborative work with co-workers, with brief, infrequent public contact.

(A.R. 19).

Notably, the ALJ does not include any substantive reasons for her findings regarding Plaintiff's symptom testimony. The ALJ stated, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," and then proceeded to review the record. The ALJ never stated which testimony is not credible or what evidence suggests the complaints are not credible. For this reason, the ALJ's reasons are not sufficiently specific. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102–03 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (standard not met where ALJ did not specifically identify the parts of testimony he found not credible and why, but only made the single "boilerplate" statement that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.").

The Commissioner argues that the ALJ properly discounted Plaintiff's subjective symptoms by showing inconsistencies with the objective medical evidence. The Commissioner argues that the ALJ properly considered evidence that Plaintiff's treating providers "noted that she was 'doing well' with treatment and even recommended '[d]aily walks and exercise routines.'" (ECF No. 15, p. 6) (citing to A.R. 22, 571, 575).[1] However, the ALJ merely included this summary of findings along with the summary of all medical evidence, without any reasoning or analysis. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) ("[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply

---

[1] The Commissioner also argues that the ALJ properly considered Plaintiff's inconsistent statements. According to the Commissioner, "Plaintiff reported that she had 'good control' of her back pain with treatment and wishes to continue with conservative treatment of home exercises (AR 22, 830). She also reported that she had, 'no other general health concerns' at that time (AR 22, 830)." (ECF No. 15, p. 6). The ALJ's decision does cite to the same exhibit, but the ALJ does not identify these statements as reasons to discount Plaintiff's subjective complaints or otherwise explain how the exhibit supports the ALJ's findings. (A.R. 22, citing Ex. 9F/3 (A.R. 830)).

reciting the medical evidence in support of his or her residual functional capacity determination."). The Court will not draw inferences about what testimony the ALJ believed to be inconsistent based upon the ALJ's cursory summary of the medical evidence. *See Lambert v. Saul*, 980 F.3d 1266, 1278 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make," and the reviewing court is "constrained to review the reasons the ALJ asserts") (quoting *Brown-Hunter*, 806 F.3d at 494).

The Commissioner also argues that the ALJ properly discounted Plaintiff's symptom testimony due to the lack of support in the objective medical evidence as to Plaintiff's functional limitations. (ECF No. 15, p. 4-5). In her decision, the ALJ reasoned that "one would have expected [Plaintiff's] treating doctors to provide some limitations as to her functioning given the claimant's allegations." (A.R. 22). The Commissioner argues this is a legally sufficient reason because lack of supporting medical evidence is one factor that an ALJ may rely on in discrediting a claimant's testimony. (ECF No. 15, p. 4-5). The Commissioner is correct that "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnart*, 400 F.3d 676, 681 (9th Cir. 2005). As already discussed, the ALJ failed to offer any reasoned analysis about which part of the medical evidence contradicted Plaintiff's testimony, or specifically why Plaintiff should not be believed. Without such reasoning, the Court cannot find clear and convincing reasons to discount Plaintiff's subjective symptom testimony.

Accordingly, the Court finds that the ALJ did not provide legally sufficient reasons to discount Plaintiff's subjective symptom testimony.

**II.     REMEDY**

Plaintiff requests remand for proper consideration of her testimony regarding her limited ability to engaged in standing because "the record does not disclose if an individual could perform light work when limited to standing 15 minutes at a time." (ECF No. 12, p. 20-21). Where an ALJ has filed to provide legally sufficient reasons for rejective a claimant's subjective symptom testimony, remand for further administrative proceedings is appropriate "where the record has not been fully developed." *Treichler v. Comm'r of Social Sec. Admin,*, 775 F.3d 1090,

1101, 1106 (9th Cir. 2014) (internal citations omitted) ("A reviewing court is not required to credit a claimant's testimony as true merely because the ALJ made a legal error in discrediting their testimony."). Here, the ALJ erred in failing to provide specific reasons to reject Plaintiff's subjective symptom testimony regarding her ability to stand. Thus, remand for further proceedings is appropriate.

### III. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is REVERSED and REMANDED for further administrative proceedings consistent with this opinion. The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated: __April 13, 2023__        /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE